JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Joseph McGrath, appeals his misdemeanor conviction for assault. At the conclusion of a jury trial, appellant was found guilty of both domestic violence and misdemeanor assault, and the trial court subsequently sentenced him pursuant to both convictions. Appellant now argues that he was erroneously convicted on both verdicts because they are allied offenses.
 {¶ 2} After a review of the record presented and for the reasons that follow, we dismiss this appeal as moot since appellant has completed and satisfied the sentence imposed for his misdemeanor conviction.
 {¶ 3} Joseph McGrath was originally charged in this case pursuant to a four-count indictment: count one, felonious assault, in violation of R.C. 2903.11; counts two and three, receiving stolen property, in violation of R.C. 2913.51; and count four, domestic violence, in violation of R.C. 2919.25. Subsequently, counts two and three were dismissed at the close of the state's case pursuant to the court's granting of appellant's motion for a Rule 29 acquittal.
 {¶ 4} These charges stem from an incident that occurred on January 22, 2004. Early that morning, Parma Police Officer David Zarzeczny responded to a 911 call from Shawn McGrath. Shawn is appellant's brother and the victim in this case, a case of one brother violently attacking another brother. Upon arriving on the scene, Officer Zarzeczny was approached by Shawn McGrath, who related how appellant had beaten him, hitting him with an aluminum baseball bat. Officer Zarzeczny observed Shawn limping and testified that Shawn appeared beaten and bruised.
 {¶ 5} At trial, the state presented further evidence of the attack and, at the close of the trial, the jury was sent to deliberate strictly on the charges of felonious assault and domestic violence. The jury returned verdicts of guilty of domestic violence with specifications that the appellant had two prior convictions for assaults on family members,[1] and not guilty of felonious assault, but guilty of misdemeanor assault, a lesser included offense of felonious assault.
 {¶ 6} The trial court then entered convictions on both verdicts pursuant to counts one and four of the underlying indictment[2] and sentenced appellant to concurrent sentences of one year in prison on the domestic violence charge, with post release control as part of that sentence, and six months in jail on the misdemeanor assault.
 {¶ 7} Joseph McGrath now appeals his conviction asserting a single assignment of error.[3]
 {¶ 8} "I. THE TRIAL COURT ERRED BY CONVICTING MR. McGRATH OF BOTH DOMESTIC VIOLENCE AND THE LESSER INCLUDED OFFENSE OF MISDEMEANOR ASSAULT."
 {¶ 9} In appellant's single assignment of error, he argues that the crimes of domestic violence and misdemeanor assault are allied offenses and, as such, it was error for the trial court to convict and sentence him on both offenses. The state responds by asserting that such an appeal is moot since the appellant has fully served and satisfied the totality of the sentence imposed pursuant to his misdemeanor assault conviction. Upon review of the record and the applicable law, this court finds appellee's argument persuasive and controlling.
 {¶ 10} In order for an appeal from a criminal conviction to be rendered moot, it must be shown that there is no possibility that any collateral legal consequences will be imposed upon the basis of the challenged conviction. State v. Wilson (1975), 41 Ohio St.2d 236, 237, 70 Ohio Op.2d 431, 325 N.E.2d 236, 237. "Where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction." State v. Golston (1994),71 Ohio St.3d 224, 226, 643 N.E.2d 109, 110.
 {¶ 11} Thus, in reviewing misdemeanor convictions, this court has held, "unless one convicted of a misdemeanor seeks to stay the sentence imposed pending appeal or otherwise involuntarily serves or satisfies it, the case will be dismissed as moot unless the defendant can demonstrate a particular civil disability or loss of civil rights specific to him arising from the conviction." City of Cleveland v.Martin, Cuyahoga App. No. 79896, 2002-Ohio-1652.
 {¶ 12} In the case at bar, Joseph McGrath has completely served and satisfied the sentence imposed pursuant to his misdemeanor assault conviction. There is no further ongoing or future penalty from which this court can grant relief. Furthermore, appellant's brief is completely void of assertions of any civil disability or loss of civil rights he will or has suffered as a result of the conviction. Thus, appellant's sole assignment of error is moot.
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., concurs (WITH SEPARATE OPINION).
 Mcmonagle, J., Dissents (WITH SEPARATE OPINION).
[1] It was stipulated earlier at trial that appellant had two prior convictions for assault on family members.
[2] While the Journal Entry filed August 3, 2004 mistakenly states that "COUNTS ONE AND THREE TO RUN CONCURRENT," it is substantially clear that the appellant was convicted and sentenced pursuant to counts one and four of the indictment.
[3] Appellant's original appellate counsel filed a brief with this court on September 22, 2004 that asserted two different assignments of error. However, that brief and its assignments of error have properly been stricken from the record subsequent to the granting of counsel's motion to withdraw.
 CONCURRING OPINION