[Cite as *State v. Caudill*, 2012-Ohio-2230.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                       :

     Plaintiff-Appellee                        :         C.A. CASE NO.   24881

v.                                                 :         T.C. NO.   11CR2688

JEREMY RAY CAUDILL                                 :         (Criminal appeal from
                                            Common Pleas Court)

     Defendant-Appellant                       :

 

                                                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    18th    day of      May     , 2012.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Plaintiff-Appellee

RICHARD A. NYSTROM, Atty. Reg. No. 0040615, 1502 Liberty Tower, 120 W. Second Street, Dayton, Ohio 45402
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}**   Jeremy R. Caudill pled guilty to aggravated assault, a fourth degree felony,

and domestic violence, a first degree misdemeanor.  The trial court sentenced him to twelve

months in prison for the aggravated assault, and to 180 days in jail for the domestic violence, to be served concurrently. Caudill appeals from his conviction and sentence, claiming that the trial court erred in failing to merge his offenses as allied offenses of similar import.

{¶ 2} Caudill's trial counsel did not specifically move for the trial court to merge the offenses at sentencing. However, during a sidebar discussion prior to the court's imposition of sentence, defense counsel indicated to the trial court – after the court told counsel the sentence that would be imposed – that there was "an argument that they should be merged anyhow." After the sentencing hearing but before the sentence was journalized, Caudill filed a "motion to correct void sentence," arguing that his offenses were allied offenses of similar import and that he must be returned to the trial court for resentencing. The trial court did not expressly address this motion; we presume that it was overruled when the trial court subsequently journalized the sentence it imposed at the sentencing hearing.

{¶ 3} The merger of offenses is governed by R.C. 2941.25, which is a "prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 45. R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the

same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 4} The defendant bears the burden to prove entitlement to merger. *State v. Thomas*, 10th Dist. Franklin No. 10AP-557, 2011-Ohio-1191, ¶ 16.

{¶ 5} Recently, in *Johnson,* the Supreme Court of Ohio announced a new manner of applying R.C. 2941.25 to determine when offenses are allied offenses of similar import that must be merged. It abandoned the previous test, set forth in *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which called for a comparison of the statutory elements solely in the abstract. *Johnson* held that, when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. *Id.* at ¶ 44. The Supreme Court explained:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. *State v. Blankenship* (1988), 38 Ohio St.3d 116, 119. (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses." [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the

other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge.

*Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 48-51.

{¶ 6}    *Johnson* emphasized the "absurd results" that flowed from the prior standard of analyzing the definitions of offenses in the abstract to determine whether they were allied offenses.   The Court found that, in its application, the prior standard had been "so subjective and divorced from the language of R.C. 2941.25 that it provide[d] virtually no guidance to trial courts and require[d] constant ad hoc review."  *Id.* at ¶ 40.   "[T]he purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence.   This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes.   When 'in substance and effect but one offense had been committed,' the defendant may be convicted on only one offense."   (Internal citations omitted.)

*Id.* at ¶ 43.

{¶ 7}   Because Caudill pled guilty to aggravated assault and domestic violence, there is a limited record regarding the circumstances surrounding his offenses.   The pre-sentence investigation report indicates that the offenses occurred on August 5, 2011, which was shortly after Caudill's wife served him with divorce papers.   Mrs. Caudill reported that she was assaulted by her husband in her bedroom after she got out of the shower.   She stated that Caudill emerged from the closet, grabbed her, put a scarf around her face, and tried to push the scarf down her throat.   She further reported that Caudill pushed her on the bed, took off her shorts, sexually assaulted her, pushed a pillow on her face, and threw her into the closet.   The details of the report reflect that the aggravated assault and domestic violence charges could have arisen out of the same conduct and could have occurred with the same animus.   Based on the limited record, it appears that the aggravated assault and domestic violence charges should have been merged as allied offenses of similar import.

{¶ 8}   The State argues, however, that domestic violence occurred when Caudill emerged from the closet and assaulted his wife with a scarf, whereas the aggravated assault occurred when he placed a pillow over the victim's face and held it to the point where she could not breathe.   It appears that the State is proposing a blow-by-blow analysis of Caudill's assault on his wife to support separate convictions for aggravated assault and domestic violence.   The Supreme Court of Ohio rejected such an approach in *Johnson*,  when it held the defendant's convictions for child endangering and felony murder, both resulting from defendant's second beating of his girlfriend's child, were allied offenses of similar import.   *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.   The supreme court stated that it was "declin[ing] the

invitation of the state to parse Johnson's conduct into a blow-by-blow in order to sustain multiple convictions for the second beating." *Id*. at ¶ 56. We likewise have focused on whether a defendant's actions were part of a single "course of conduct," committed with a single animus. *See, e.g*., *State v. Wright*, 2d Dist. Montgomery No. 24276, 2011-Ohio-4874.

**{¶ 9}** Nevertheless, even if the trial court should have merged the domestic violence sentence with the sentence for aggravated assault, it appears that Caudill has already served his sentence for domestic violence. "Under Ohio law, an appeal from a misdemeanor conviction after the judgment has been voluntarily satisfied is moot unless the defendant shows that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. Unless a defendant files a motion to stay execution of his sentence, the defendant is deemed to have voluntarily served his sentence." (Citations omitted.) *Lammers v. Caltrider*, 2d Dist. Montgomery No. 21565, 2007-Ohio-1745, ¶ 5.

**{¶ 10}** As stated above, Caudill was sentenced to 180 days in jail, to be served concurrently with his aggravated assault sentence. He was transported to prison on October 11, 2011, more than six months ago. Caudill did not request a stay of his misdemeanor sentence, and he has not asserted that he will suffer any collateral consequences from that conviction.

**{¶ 11}** Because Caudill has served his misdemeanor domestic violence sentence, we cannot provide any meaningful relief as to that sentence. We have held a trial court's failure to merge two offenses for sentencing becomes moot when one of those sentences has been completely served. *State v. Smith*, 2d Dist. Montgomery No. 24402, 2012-Ohio-734, ¶ 26 (issue of merger of unlawful restraint with kidnapping was moot where sentence for unlawful restraint had been served). Accord *State v. McGrath*, 8th Dist. Cuyahoga No. 85046, 2005-Ohio-4420

(defendant's appeal arguing that trial court should have merged domestic violence and misdemeanor assault offenses was moot where defendant had completely served misdemeanor assault sentence); *State v. Henry*, 9th Dist. Summit No. 25479, 2011-Ohio-3566.

{¶ 12} At oral argument, the State agreed with Caudill that we should not find the allied offense issue moot in this case, because the State might elect, upon remand, to have the felony aggravated assault conviction merged into the misdemeanor domestic violence offense in order to preserve the domestic violence conviction. The State argued that there were collateral consequences from Caudill's conviction for domestic violence, because this conviction would elevate the degree of the offense should Caudill commit domestic violence in the future. We find this argument unpersuasive.

{¶ 13} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4.

{¶ 14} The Supreme Court of Ohio has rejected, however, the contention that an offender suffers a collateral disability if there would be an enhanced penalty for a subsequent conviction of the same offense. *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987) (OVI conviction). It noted that "no such disability will exist if [the defendant] remains within the confines of the law." *Id*. at 4-5. More recently, the supreme court held that the imposition of points on a traffic offender's driving record was sufficient to create a collateral disability, even

though there was no evidence that the points had an immediate effect on the offender's driving privileges. *S.J.K.*, at syllabus. However, we do not find *S.J.K.* to be analogous to the case before us. Here, the parties have not claimed that Caudill is subject to a statutory penalty for his domestic violence conviction which extends beyond his sentence. Accordingly, we find no basis for concluding that Caudill's appeal from his conviction for domestic violence was not moot.

{¶ 15} We note, parenthetically, that the State would not have been required to elect the domestic violence conviction over the aggravated assault conviction in order to avail itself of an enhanced offense level, should Caudill commit domestic violence again. Under R.C. 2919.25(D)(3), a second charge of domestic violence is a fourth degree felony "if the offender has previously pleaded guilty to or been convicted of domestic violence * * *, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense." Because Caudill's wife was the victim of both the domestic violence and aggravated assault charges, either conviction would satisfy R.C. 2919.25(D)(3). In addition, there is also the argument that, even if the domestic violence were merged with the aggravated assault charge for sentencing, Caudill's guilty plea to domestic violence remains and thus he still "has pleaded guilty to" domestic violence.

{¶ 16} Caudill's appeal based on the trial court's failure to merge his domestic violence offense with the aggravated assault is moot, and his assignment of error is overruled as such.

{¶ 17} Caudill's appeal will be dismissed as moot.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Michele D. Phipps
Richard A. Nystrom
Hon. Steven K. Dankof