[Cite as *State v. Boone*, 2013-Ohio-2664.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                       )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 26104 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIE L. BOONE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 10 09 2627 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

CARR, Judge.

{¶1} Appellant, Willie Boone, moved to reopen his appeal from his convictions in the Summit County Court of Common Pleas. This Court granted his application to reopen the appeal, and this matter is now before us for decision. We vacate our previous decision and now affirm in part and reverse in part.

I.

{¶2} On May 14, 2010, a man disguised with glasses and a long wig burst through the doors of a Key Bank branch on Romig Road in Akron and demanded money from the tellers. An Akron police officer working special duty in the bank noted the man and approached him from behind with his gun drawn. The officer ordered the robber to the ground but, as he tried to holster his firearm in order to handcuff the suspect, the robber leapt to his feet and fled toward the door. The officer grabbed him from behind, and a scuffle ensued just outside the bank. The officer successfully wrestled the robber to the ground again, but was unable to handcuff and

arrest him because he "buck[ed] * * * up and down," threw the officer to the ground, and ran away. The officer pursued the robber on foot until he saw him run toward a waiting vehicle and jump inside as the vehicle drove away.

{¶3}   Boone's girlfriend had rented the vehicle for the benefit of Boone's family, and an interview with her led police to suspect Boone, whom they ultimately arrested. A jury found him guilty of robbery in violation of R.C. 2911.02(A)(3), resisting arrest in violation of R.C. 2921.33(A), and escape in violation of R.C. 2921.34(A)(1). The trial court sentenced him to a total prison term of eight years, including a ninety-day term for resisting arrest, a first-degree misdemeanor. Boone appealed, and this Court affirmed his convictions. *State v. Boone*, 9th Dist. No. 26104, 2012-Ohio-3142. We granted Boone's application to reopen his appeal under App.R. 26(B).

II.

{¶4}   In *State v. Graves*, 9th Dist. No. 08CA009397, 2011-Ohio-5997, this Court explained our obligations in a reopened appeal:

> Under Rule 26(B)(9) of the Ohio Rules of Appellate Procedure, "[i]f th[is][C]ourt finds that the performance of appellate counsel was deficient and the applicant was prejudiced by that deficiency, [it] shall vacate its prior judgment and enter the appropriate judgment. If th[is][C]ourt does not so find, [it] shall issue an order confirming its prior judgment." Deficient performance by a lawyer is a performance that falls below an objective standard of reasonable representation. *State v. Hale*, 119 Ohio St.3d 118, 2008–Ohio–3426, at ¶ 204 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). A defendant is prejudiced by the deficiency if there is a reasonable probability that, but for his lawyer's errors, the result of the proceeding would have been different. *Id*. (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

(Alterations in original.) *Graves* at ¶ 9. As explained below, the State has conceded that two errors occurred during Boone's sentencing hearing. Upon our review of the record, we have

concluded that the performance of Boone's appellate counsel was deficient because he did not assign these errors. Consequently, our opinion in *State v. Boone*, 9th Dist. No. 26104, 2012-Ohio-3142, is vacated, and the following judgment is entered.

III.

**{¶5}** Boone has raised thirteen assignments of error in his reopened appeal. Some of them are rearranged for purposes of our discussion.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO MERGE COUNTS 3 AND 4 FOR SENTENCING PURPOSES AS THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT.

**{¶6}** Boone's third assignment of error argues that the trial court erred by failing to determine that his convictions for escape and misdemeanor resisting arrest are allied offenses of similar import. Because Boone acquiesced in his misdemeanor judgment, this assignment of error is moot.

**{¶7}** "The completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Cleveland Heights v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, paragraph one of the syllabus. In the case of a misdemeanor conviction,

> a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal.

*Id.* at ¶ 23. Conversely, when an appellant completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which this Court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot. *State v. Jones*, 9th Dist. No. 12CA0024, 2012-Ohio-6150, ¶ 52.

{¶8} We have applied this analysis when an appellant argues that two misdemeanors were allied offenses of similar import. *State v. Henry*, 9th Dist. No. 25479, 2011-Ohio-3566, ¶ 15-17. This conclusion is also warranted in this case because, with respect to the misdemeanor conviction, this Court "cannot provide any meaningful relief as to that sentence." *State v. Caudill*, 2d Dist. No. 24881, 2012-Ohio-2230, ¶ 11. *See also State v. McGrath*, 8th Dist. No. 85046, 2005-Ohio-4420. The trial court sentenced Boone to ninety days of incarceration for his conviction for resisting arrest, a first-degree misdemeanor. Boone did not request a stay pending appeal, and he has served that sentence. With respect to that conviction, therefore, Boone's appeal is moot. His third assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND/OR PLAIN ERROR WHEN IT OVERRULED DEFENDANT'S CRIM.R. 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION.

{¶9} Boone's second assignment of error is that his convictions are based on insufficient evidence establishing that he committed the crimes. Because we have concluded that his conviction for resisting arrest is moot for purposes of appeal, we address our discussion only to his convictions for robbery and escape.

{¶10} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, ¶ 18,

citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*. The identity of a perpetrator must be proved by the State beyond a reasonable doubt. *State v. Flynn*, 9th Dist. No. 06CA0096-M, 2007-Ohio-6210, ¶ 12. As with any other element, identity may be proved by direct or circumstantial evidence, which do not differ with respect to probative value. *State v. Gibson*, 9th Dist. No. 23881, 2008-Ohio-410, ¶ 8.

{¶11} According to witnesses, the robber wore a long-sleeved black shirt and a long wig. Police recovered the wig just outside the bank. Officer Jason Belacic testified that he pursued the robber on foot until he fled in an SUV driven by another man. When police traced the license plate number of that vehicle, they found that it had been rented by Boone's girlfriend for use by members of Boone's family. They recovered a shirt that matched the description of the one worn by the robber near where the SUV was later found. According to Stacey Violi, a forensic scientist employed by the Bureau of Criminal Investigation, Boone was the major contributor of DNA found on the wig and the shirt.

{¶12} Viewing this evidence in the light most favorable to the prosecution, a reasonable juror could conclude that Boone is the man who robbed the bank and escaped on foot. Boone's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

DEFENDANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE.

{¶13} Boone's first assignment of error argues that each of his convictions are against the manifest weight of the evidence because the evidence at trial demonstrated that he could not be identified as the robber. As with his sufficiency argument, our resolution of this assignment of error is limited to Boone's convictions for robbery and escape.

{¶14} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (1986). In our analysis, we are mindful that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value." *Jenks*, 61 Ohio St.3d 259 at paragraph one of the syllabus.

{¶15} Testimony at trial established that Officer Belacic pursued the robber on foot until he determined that he could not catch up and that the robber was headed for an SUV parked in a location that could not be seen from the bank. Officer Belacic testified that he watched the driver of the SUV pull out of his location and roll forward as the robber ran alongside to jump in. Before the SUV drove away, Officer Belacic recorded the license plate number. As a result, police linked the SUV to Boone's girlfriend, who had rented it for use by Boone's family. DNA tests determined that Boone contributed a majority of the DNA found on the wig worn by the robber and that he was a contributor to DNA found on the black shirt.

{¶16} In support of this assignment of error, Boone has argued that no one identified him as the robber and that inconsistency in the witnesses' testimony casts doubt on his convictions. In that respect, Boone points to two alleged inconsistencies. Officer Belacic

estimated the robber's height to be around six feet two inches or six feet four inches, and he described the robber's skin tone as medium in color. According to Boone, Officer Belacic's description is undermined by the fact that he is only six feet tall and that he has a dark complexion. At trial, however, Officer Belacic noted that the robber's appearance was partially obscured by the disguise and emphasized that he had estimated the robber's physical build. Boone also argues that although Officer Belacic testified that the getaway vehicle was a black SUV, Boone's girlfriend testified that it was a silver or gray color. Officer Belacic's testimony, however, tied the robber to the SUV that served as the getaway car, and the license plate number connected the rental car to Boone's girlfriend. Although DNA from more than one source was present on the wig and the shirt that were submitted for testing, Boone could not be excluded as the major contributor of DNA. According to Ms. Violi's calculations, the expected occurrence of the major DNA profile is "one in 445 quintillion 200 quadrillion unrelated individuals."

{¶17} Our thorough review of the record leads to the conclusion that this is not the exceptional case in which the evidence weighs heavily in favor of Boone. Boone's convictions for robbery and escape are not against the manifest weight of the evidence, and his first assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY ADMITTING PHOTOGRAPHS OF THE CRIME SCENE THAT HAD NOT BEEN PROPERLY AUTHENTICATED AND WHICH DENIED HIM HIS CONSTITUTIONAL RIGHT TO CONFRONTATION.

{¶18} Boone's fourth assignment of error is that the trial court erred by admitting photographs of the inside of the bank without requiring them to be properly authenticated. More specifically, Boone has argued that the photographs at issue are akin to forensic reports or cellular phone records and, as such, the safeguards that attach to evidence implicating the

Confrontation Clause apply. Boone concedes that the photographs were admitted without objection at trial, and our review is confined to plain error under Crim.R. 52. The trial court did not err in admitting the photographs and, because "error * * * [is] the starting point for a plain-error inquiry," we overrule Boone's fourth assignment of error. *See State v. Hill*, 92 Ohio St.3d 191, 200 (2001).

{¶19} The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). The Confrontation Clause is implicated by the admission of out-of-court statements that are testimonial in nature. *See Melandez-Diaz v. Massachusetts*, 557 U.S. 305, 309-310 (2009). An out-of-court statement is "testimonial" when it "would lead an objective witness reasonably to believe that the statement would be available for use at a later time." *Id.* at 310. More fundamentally, however, a "testimonial statement" must assert the truth of the matter for which it is offered. *See id.* ("Certificates" that were offered to provide prima facie evidence of the composition of lab specimens were testimonial in nature, implicating the Confrontation Clause.). *See also Bullcoming v. New Mexico*, ___ U.S. ___, 180 L.Ed.2d 610 (2011) (A blood-alcohol report prepared for the purpose of asserting the truth of a particular fact was a testimonial statement, and its admission without testimony of the preparer violated the Confrontation Clause). In other words, when evidence is not intended for the purpose of establishing or proving some fact at trial, it does not fall within the ambit of "testimonial statements" covered by the Confrontation Clause.

{¶20} The threshold question, therefore, is whether the photographs admitted in this case were offered to prove the truth of some fact at trial. They were not. Instead, Officer Belacic and the bank employees referred to the photographs to illustrate the layout of the bank,

their relative positions before and during the robbery, and the timeline of events that was the subject of their testimony. Branch manager and teller Frederick Lewis testified that the photographs fairly and accurately depicted their subject matter. *See generally State v. Baker*, 9th Dist. No. 21414, 2003-Ohio-4637, ¶ 17 ("A photograph is admissible into evidence if it is authenticated or identified as a fair and accurate representation of what it is purported to depict.").

{¶21} The photographs admitted in this case were properly authenticated and were not "testimonial statements" for purposes of the Confrontation Clause, and the trial court did not err by admitting them. Boone's fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

> BOONE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT TRIAL REGARDING THE ADMISSION OF PHOTOGRAPHS OF THE CRIME SCENE FROM THE BANK VIDEO THAT HAD NOT BEEN PROPERLY AUTHENTICATED AND FOR WHICH HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO CONFRONTATION.

{¶22} Boone's fifth assignment of error argues that his attorney provided ineffective assistance because she failed to object to the admission of photographs at trial. He has not separately argued this assignment of error, relying instead on the arguments in support of his fourth assignment of error. *See* App.R. 16(A)(7). Because we have concluded that the photographs were properly admitted, however, there was no error in the performance of trial counsel in this regard. *See Strickland*, 466 U.S. at 687-689 (requiring errors by counsel that were so serious as to deprive the defendant of a fair trial). Boone's fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR VI**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BOONE WITHOUT CREDITING TO HIS SENTENCE OF INCARCERATION THE NUMBER OF DAYS THAT HE WAS CONFINED PRIOR TO CONVICTION AND SENTENCE.

**{¶23}** Boone's sixth assignment of error is that the trial court committed plain error by failing to calculate the credit for time served to which he is due before sentencing and to include it in his sentencing entry. *See generally State v. Daniels*, 9th Dist. No. 26406, 2013-Ohio-358, ¶ 16-20; *Jones*, 2012-Ohio-6150, at ¶ 65-67; *State v. Apple-Wright*, 9th Dist. No. 06CA008865, 2006-Ohio-5805, ¶ 15-19 (addressing assignments of error arguing that the trial court committed plain error by omitting jail time credit from the sentencing entry).

**{¶24}** This Court has concluded that a trial court is obligated to calculate credit for time served before imposing sentence and to include it in the sentencing entry. *See generally State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76. Consequently, we have determined that it is error for a court to omit credit for time served from the sentencing order even though the calculation has been memorialized in a separate entry. *State v. Daniels*, ¶ 16-20. *But see State ex rel. Williams v. McGinty*, 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2 (The omission of jail time credit from a sentencing entry is "remediable * * * by appeal or motion for jail-time credit."). Consequently, although the trial court calculated the jail time credit to which Boone is entitled and memorialized it in a separate order, it was error to omit the calculation from the sentencing entry. *See Daniels* at ¶ 16-20.

**{¶25}** To the extent that this constitutes plain error, however, this conclusion is only the first step in our analysis. Crim.R. 52(B) constrains our review by requiring an error that is "an 'obvious' defect in the trial court proceedings" and that affected the outcome of the proceedings. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). Even in this situation, however, "Crim.R. 52(B)

does not demand that an appellate court correct [an error]. Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them." *Id.* Our review is discretionary, and the Ohio Supreme Court has "admonish[ed] courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶26} In this case, the trial court erred because, under *Keith* and *Daniels*, it is error for jail time credit to be omitted from the sentencing entry. To the extent that this error is "plain" within the meaning of Crim.R. 52(B), however, this case does not present an exceptional circumstance in which it is necessary to notice the error to prevent a manifest miscarriage of justice. The trial court calculated the jail time credit to which Boone is entitled, and that calculation is reflected in a journal entry dated September 22, 2011. Boone does not argue that the calculation is wrong. Under these circumstances, we decline to notice the forfeited error because Boone has not been prejudiced by it. *See generally McGinty*, 2011-Ohio-2641, at ¶ 2. Boone's sixth assignment of error is overruled.

### ASSIGNMENT OF ERROR VII

> BOONE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS SENTENCING HEARING THAT THE TRIAL COURT WAS REQUIRED TO DETERMINE BOONE'S NUMBER OF DAYS OF CONFINEMENT BEFORE SENTENCE WAS IMPOSED.

{¶27} Boone's seventh assignment of error argues that his trial counsel was ineffective because she did not object to the failure to determine his jail time credit at the time of sentencing. In similar circumstances, this Court has concluded that a comparable assignment of error is

moot. *See Daniels*, 2013-Ohio-358, at ¶ 20, citing App.R. 12(A)(1)(c). We decline to address Boone's seventh assignment of error on that basis.

**ASSIGNMENT OF ERROR VIII**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST BOONE WITHOUT COMPLYING WITH R.C. 2947.23(A).

**{¶28}** Boone's eighth assignment of error is that the trial court committed plain error by failing to provide mandatory notifications required by R.C. 2947.23(A)(1) during his sentencing hearing. The State has conceded this error.

**{¶29}** R.C. 2947.23(A)(1), as in effect at the time of the sentencing hearing, provided, in part:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:
>
> (a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> (b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

This Court has concluded that "[t]he statute requires both that the trial court (1) notify the defendant at the time of sentencing that costs will be assessed so that he has an opportunity to seek a waiver, and (2) notify the defendant that his failure to pay the costs could result in imposition of community service, but that he would receive credit toward the costs from any community service imposed." *State v. Williams*, 9th Dist. No. 26014, 2012-Ohio-5873, ¶ 23,

citing *State v. Ross*, 9th Dist. No. 25778, 2012–Ohio–1389, ¶ 28 and *State v. Stallworth*, 9th Dist. No. 25461, 2011–Ohio–4492, ¶ 32. "In effecting a statutorily mandated notification procedure, the legislature necessarily found it imperative that a criminal defendant be informed of the potential consequences of failing to pay a judgment for court costs." *State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, ¶ 38.

{¶30} In this case, the trial court failed to inform Boone of all the statutorily mandated notifications required by R.C. 2947.23(A)(1) at sentencing. Accordingly, "'the proper remedy is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1).'" *State v. Edwards*, 9th Dist. No. 25679, 2012-Ohio-901, ¶ 26, quoting *DeBruce* at ¶ 38. Boone's eighth assignment of error is sustained.

## ASSIGNMENT OF ERROR IX

BOONE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE.

{¶31} Boone's ninth assignment of error is that trial counsel provided ineffective assistance to the extent that she did not object to the trial court's error under R.C. 2947.23(A)(1). In similar circumstances, this Court has concluded that a comparable assignment of error is moot. *See DeBruce*, 2012-Ohio-454, at ¶ 40, citing App.R. 12(A)(1)(c). We decline to address Boone's ninth assignment of error on that basis.

## ASSIGNMENT OF ERROR X

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2941.51(D), AND NOT DOING SO IN OPEN COURT.

{¶32} Boone's tenth assignment of error is that the trial court committed plain error by failing to determine whether he was financially capable of paying for his appointed counsel. The State has conceded this error.

{¶33} Under R.C. 2941.51(D), a defendant represented by appointed counsel may be ordered to pay the costs of representation to the county "if the person has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person." Before the trial court can do so, however, it must notify the defendant and afford an opportunity to demonstrate inability to pay. *State v. El-Jones*, 9th Dist. No. 26136, 2012-Ohio-4134, ¶ 37.

{¶34} The trial court did not notify Boone at sentencing that it was imposing the costs of representation upon him, nor did it afford Boone the opportunity to demonstrate that he did not have the means to pay the cost of the services rendered to him. The appropriate remedy, therefore, is for this Court to remand the matter to the trial court for a determination of Boone's ability to pay the attorney's fees. *Id.*

{¶35} Boone's tenth assignment of error is sustained.

## ASSIGNMENT OF ERROR XI

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING BOONE WITHOUT COMPLYING WITH R.C. 2929.19(B)(2)(G).

{¶36} Boone's eleventh assignment of error is that the trial court committed plain error by failing to notify him at sentencing of deductions from his sentence under R.C. 2967.193, as required by R.C. 2929.19(B)(2)(g). At the time of Boone's sentencing, however, R.C. 2929.19(B)(2)(g) did not exist. His eleventh assignment of error is overruled.

## ASSIGNMENT OF ERROR XII

BOONE WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL

FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO SENTENCE BOONE IN ACCORDANCE WITH R.C. 2929.19(B)(2)(G).

**{¶37}** Boone's twelfth assignment of error argues that his attorney provided ineffective assistance because she failed to preserve the error alleged in Boone's eleventh assignment of error. Boone has not separately argued this assignment of error *See* App.R. 16(A)(7). We have overruled his eleventh assignment of error, however, so there was no error in the performance of trial counsel in this regard. *See Strickland*, 466 U.S. at 687-689 (requiring errors by counsel that were so serious as to deprive the defendant of a fair trial). Boone's twelfth assignment of error is overruled.

## ASSIGNMENT OF ERROR XIII

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED BOONE A FAIR TRIAL AND SENTENCING HEARING.

**{¶38}** Under the cumulative error doctrine, a conviction may be reversed when the cumulative effect of errors deprives a defendant of the constitutional right to a fair trial even though none of the errors, in isolation, was prejudicial. *State v. DeMarco*, 31 Ohio St.3d 191 (1987), paragraph two of the syllabus. In the absence of multiple errors, the cumulative error doctrine does not apply. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 132.

**{¶39}** In this case, we have concluded that the trial court erred by omitting the calculation of Boone's jail time credit from his sentencing entry, but we declined to notice it as plain error because the trial court did so in a subsequent entry. The state conceded error with respect to sentencing issues. These errors did not have the cumulative effect of depriving Boone of a fair trial. His thirteenth assignment of error is overruled.

IV.

{¶40} This Court's opinion in *State v. Boone*, 9th Dist. No. 26104, 2012-Ohio-3142, is vacated.

{¶41} Boone's first, second, fourth, fifth, sixth, eleventh, twelfth, and thirteenth assignments of error are overruled. Boone's eighth and tenth assignments of error are sustained, and this matter is remanded for a new sentencing hearing so that the trial court may comply with R.C. 2947.23(A) and R.C. 2941.51(D). Boone's third, seventh, and ninth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.