[Cite as *State v. Wilbert*, 2014-Ohio-3633.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26102 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CRB-11180 |
| v. | : | |
| | : | |
| ELI M. WILBERT | : | (Criminal Appeal from |
| | : | Dayton Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . .

JOHN DANISH, Atty. Reg. #0046639, and STEPHANIE COOK, Atty. Reg. #0067101, by AMY MUSTO, Atty. Reg. #0071514, City Prosecutor's Office, 335 West third Street, Room 372, Dayton, Ohio 45402
 Attorneys for Plaintiff-Appellee

MELISSA REPLOGLE, Atty. Reg. #0084215, Replogle Law Office, LLC, 2312 Far Hills Avenue, Suite 145, Dayton, Ohio 45419
 Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}   Eli M. Wilbert appeals from his conviction and sentence on one count of

misdemeanor domestic violence.

{¶ 2} Wilbert advances two assignments of error. First, he contends his conviction is against the manifest weight of the evidence because the State failed to prove that the victim was a family or household member. Second, he claims the trial court erred in imposing a statutory maximum sentence.

{¶ 3} At trial, the State's only witness was the victim. She testified that she and Wilbert had been dating "on and off" for three years. She added that they had resided together "on and off" during that time and that Wilbert was the father of her child. (Tr. at 4). According to the victim, she and Wilbert shared household chores and expenses while living together. (*Id.* at 5).

{¶ 4} The incident in question occurred on November 23, 2013, shortly after the child's birth. Wilbert and the victim began arguing about his lack of help. The argument occurred in the victim's house, where Wilbert stayed. The victim explained what happened as follows:

> I started yelling at him about if he was going to be in my house he really needed to start helping out with stuff, diapers, wipes. I lost my job because he wouldn't babysit, so we was arguing about that. And I wanted him to get out so I told him, you know, get his stuff and leave and he told me he didn't have to go nowhere, so I threw his bag. When I threw his bag or I kicked his bag he threw me against the wall at the back of my door and he told me he was going to kill me because he was choking me. At that moment I kicked him to get him off of me. When I kicked him he threw me on the bed next to my newborn baby.

(Tr. at 7).

{¶ 5} The victim testified that the choking was painful and resulted in her not being

able to breathe. (*Id*. at 8). After the choking, the victim got off of the bed and tossed Wilbert's bag outside. According to the victim, he responded by throwing her against an outside wall, punching her in the face, and kicking her. (*Id*. at 9). When the victim attempted to defend herself by hitting Wilbert with a cane, he picked her up and threw her, resulting in the victim hitting her face on the ground and breaking a tooth. (*Id*.). In all, the victim's injuries consisted of the broken tooth, a black eye, scratches and scrapes on her face, and a scar. (*Id*. at 10).

{¶ 6} In his defense, Wilbert called two friends as witnesses. Neither witness saw what occurred on November 23, 2013. The first witness, Erin Fogle, testified that she never had seen Wilbert become violent with the victim. She added that she previously had seen the victim become argumentative with Wilbert. (*Id*. at 19-21). The second witness, Matthew Cochran, testified that he previously had seen the victim aggressively yelling at Wlibert. (*Id*. at 27-28). Cochran added that he never had seen Wilbert become violent or aggressive with the victim. (*Id*. at 28). On cross examination, Fogle and Cochran both admitted having no knowledge about what happened on November 23, 2013. (*Id*. at 25-26, 31).

{¶ 7} Based on the evidence presented, the trial court ruled as follows:

* * * I find the testimony of [the victim] extremely credible. Not only did she testify as to the actions of Mr. Wilbert but she also, I believe, credibly testified to how she reacted in the state that she was in and some of the things that she did. I don't think that those things rise to an assault on her part but she was very honest about being upset and tired and just frustrated with the entire situation and kind of getting in his face and that sort of thing. As for the defense witnesses I have no reason to doubt them either. I mean, I mean, they have very little purpose in this

trial in terms of what actually happened on November twenty third but I am going to, based on the incredibly credible testimony of [the victim], I am going to find the defendant guilty of assault and guilty of domestic violence. For purposes of sentencing those charges merge. * * *

(*Id*. at 33-34).

{¶ 8}   Following merger, the State elected to proceed with sentencing on the domestic-violence charge.   The trial court imposed a 180-day jail sentence, the statutory maximum for a first-degree misdemeanor. This appeal followed.

{¶ 9}   In his first assignment of error, Wilbert contends the manifest weight of the evidence does not support his conviction under R.C. 2919.25(A), which provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." The statute defines "family or household member" in two relevant ways. First, it includes "a person living as a spouse * * * of the offender" if such person is residing with or has resided with the offender. R.C. 2919.25(F)(1)(a)(i).[1] "Family or household member" also is defined to include "[t]he natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent." R.C. 2919.25(F)(1)(b).

{¶ 10}   Here Wilbert claims the weight of the evidence fails to support a finding that the victim was a "family or household member." Specifically, he maintains that the State failed to prove either (1) he was the natural parent of the victim's child or (2) the victim was a person living as his spouse. We disagree. The victim explicitly testified that Wilbert was the father of

---

[1]"Person living as a spouse" means "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2).

her young child and that she named the child after him. (Tr. at 4). The record contains no evidence to the contrary. Therefore, the manifest weight of the evidence supports a finding that the victim was a "family or household member" pursuant to R.C. 2919.25(F)(1)(b). That determination is dispositive of Wilbert's first assignment of error, without regard to whether the victim also qualified as a "family or household member" under R.C. 2919.25(F)(1)(a)(i) as a person living as a spouse of the offender. The first assignment of error is overruled.

{¶ 11} In his second assignment of error, Wilbert contends the trial court abused its discretion in imposing a statutory-maximum jail sentence. Upon review, we conclude that this assignment of error is moot. The trial court imposed a 180-day jail sentence, which Wilbert began serving on February 11, 2014. He received no jail-time credit. Therefore, his official release date was August 10, 2014—180 days after February 11, 2014. Despite the fact that we ordered this case to be expedited, pursuant to rule the earliest date it could be scheduled for decision was August 7, 2014. By the time we were able to complete this opinion, Wilbert's August 10, 2014 release date had passed. Under these circumstances, there is no relief we can provide Wilbert regarding his challenge to the length of his now-completed sentence. *See*, *e.g.*, *State v. Edmonds*, 2d Dist. Montgomery No. 24155, 2011-Ohio-1282, ¶ 10 ("In all cases * * * a defendant's challenge to his sentence becomes moot once he has completed it."); *State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 11 ("Because Caudill has served his misdemeanor domestic violence sentence, we cannot provide any meaningful relief as to that sentence."). Accordingly, the second assignment of error is overruled as moot.[2]

---

[2] Parenthetically, we note that Wilbert's entire appeal is not moot due to his completion of his jail sentence. Only the second assignment of error dealing with the length of that sentence is moot. This is so because Wilbert unsuccessfully requested a stay pending appeal and, therefore, did not "voluntarily" serve his sentence. *Cf. State v. Wills*, 2d Dist. Montgomery No. 25357, 2013-Ohio-4507, ¶ 15

**{¶ 12}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.

Copies mailed to:

John Danish
Stephanie Cook
Amy Musto
Melissa Replogle
Hon. Deirdre E. Logan

---

(recognizing that an appeal from a misdemeanor conviction is moot where a defendant voluntarily pays the fine or completes the sentence unless evidence of a collateral legal disability or loss of civil rights is offered).