**[Cite as *State v. Perry*, 2021-Ohio-3525.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29049 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3112 |
| | : | |
| JERAMIE PERRY, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of October, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Jeramie Perry, Sr., was convicted in the Montgomery County Court of Common Pleas following his guilty plea to felonious assault (serious physical harm), a felony of the second degree, and domestic violence, a first-degree misdemeanor. On appeal, Perry claims that the trial court erred in convicting him of allied offenses of similar import and in imposing post-release control for the domestic violence offense.

{¶ 2} For the following reasons, the trial court's imposition of post-release control for misdemeanor domestic violence will be vacated, and the matter will be remanded for the limited purpose of the trial court's filing a nunc pro tunc entry without the imposition of post-release control for that offense. In all other respects, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 3} At approximately 10:00 p.m. on October 1, 2020, Perry and T.S., the mother of his child, began to argue as Perry was moving out of their home. Perry threatened T.S., accused her of ruining his life, and hit her in the face with a cast iron skillet, knocking her to the floor. Perry then hit her with the skillet an additional five or six times while threatening to kill her. T.S. sustained injuries that required nine staples in the back of her head and two layers of stiches to close a wound near her right eyebrow. T.S.'s two young children (aged 6 and 9) and her 14-year-old niece were present during the assault. Perry stopped the attack when T.S.'s niece called 911, and he fled the scene before police officers arrived.

{¶ 4} On October 13, 2020, Perry was indicted on two counts of felonious assault

(serious physical harm and deadly weapon) and one misdemeanor count of domestic violence. Perry initially was incarcerated on the charges, but he was released on bond on December 23, 2020.

{¶ 5} Perry subsequently pled guilty to one count of felonious assault (serious physical harm) and domestic violence. In exchange for the plea, the State dismissed the additional count of felonious assault (deadly weapon). The trial court noted at the plea hearing: "And for the record, it's my understanding that the felonious assault serious physical harm and the felonious assault deadly weapon would have merged at trial, and therefore the State is requesting a plea to only one of those two." The prosecutor agreed with that statement. Nothing was mentioned concerning the potential merger of the counts to which Perry was pleading guilty.

{¶ 6} The trial court further noted at the plea hearing that there was no agreement as to sentencing. It stated, however, that if Perry were sentenced to prison, "it would be for no more than four years * * * provided the Defendant appears at his sentencing, that there are no allegations or concerns between now and sentencing, and no violation of bond, but those are standard expectations." The court ordered a presentence investigation and set sentencing for March 3, 2021.

{¶ 7} At sentencing, the trial court imposed 180 days in jail for the domestic violence, and a minimum of 4 years and a maximum of 6 years in prison for the felonious assault, pursuant to the Reagan Tokes Act. The court provided the required notifications under the Reagan Tokes Act and informed Perry that he would be subject to three years of post-release control upon his release from prison. The court told Perry that he was entitled to 48 days of jail time credit.

**{¶ 8}** The court's written judgment entry generally was consistent with its oral pronouncements. As to post-release control, however, the judgment entry ordered three years of post-release control for both the felonious assault and the domestic violence.

**{¶ 9}** Perry appeals from his convictions, raising two assignments of error.

## II. Mootness

**{¶ 10}** Because Perry's domestic violence conviction involves a misdemeanor, we must first consider whether an appeal of that conviction presents an actual controversy.

**{¶ 11}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

**{¶ 12}** In misdemeanor cases, courts consider appeals to be moot if the defendant has voluntarily satisfied his or her sentence, unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236, syllabus; *Urbana v. Boystel*, 2d Dist. Champaign No. 2021-CA-5, 2021-Ohio-2529, ¶ 9. This is so because, if the sentence has been served, a favorable appellate outcome could not "operate to undo what has been done or restore the petitioner the penalty of the term of imprisonment which he has served." *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 17.

{¶ 13} We have held that a trial court's failure to merge two offenses for sentencing becomes moot when one of those sentences has been completely served. *State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 11 (the trial court's failure to merge aggravated assault and misdemeanor domestic violence was moot where defendant had served the domestic violence sentence), citing *State v. Smith*, 2d Dist. Montgomery No. 24402, 2012-Ohio-734, ¶ 26 (issue of merger of unlawful restraint with kidnapping was moot where the sentence for unlawful restraint had been served). Other appellate districts have held similarly. *E.g.*, *State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664 (assignment of error claiming that trial court should have merged escape with misdemeanor resisting arrest was moot where appellant had served the sentence for resisting arrest); *State v. McGrath*, 8th Dist. Cuyahoga No. 85046, 2005-Ohio-4420 (claim that the trial court erred in failing to merge felony domestic violence and misdemeanor assault as allied offenses was moot where appellant fully served and satisfied the sentence for assault).

{¶ 14} Here, Perry was sentenced to 180 days of local incarceration for the domestic violence. As of March 3, 2021, the date of the sentencing hearing, Perry had accrued 48 days of jail time credit. Perry did not request a stay of his misdemeanor sentence and has now served his 180-day sentence for the domestic violence. In addition, Perry does not suggest, and we cannot discern, any collateral disability resulting from the misdemeanor domestic violence conviction in this case.

{¶ 15} Despite the completion of his term of incarceration, Perry currently remains subject to the order of post-release control for the domestic violence offense in the trial court's judgment entry. Consequently, Perry has not yet completely served the imposed

sentence. We therefore conclude that Perry's appeal is not moot, and we now turn to his assignments of error. We will address them in reverse order.

### III. Post-Release Control

{¶ 16} In his second assignment of error, Perry claims that the trial court erred in sentencing him to post-release control on the misdemeanor domestic violence charge.

{¶ 17} " 'Post-release control' involves a period of supervision by the Adult Parole Authority after an offender's release from prison that includes one or more post-release control sanctions imposed under R.C. 2967.28." *State v. Simpson*, 2d Dist. Montgomery No. 28558, 2020-Ohio-2961, ¶ 15, citing R.C. 2967.01(N). Post-release control is mandatory for some offenses and is imposed at the discretion of the Parole Board for others, depending on the nature and degree of the felony offense. *Id.*; R.C. 2967.28(B) and (C). Post-release control is applicable only to felonies for which a non-life prison term has been imposed. *See* R.C. 2967.28.

{¶ 18} If proper notification is given during the sentencing hearing, but the sentencing entry either omits or improperly imposes post-release control, a trial court is authorized to correct the error or omission with a nunc pro tunc entry. *See State v. Bucey*, 2d Dist. Montgomery No. 28420, 2019-Ohio-4874, ¶ 25; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14-15; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 30. That is the circumstance here.

{¶ 19} At the sentencing hearing, the trial court properly imposed post-release control on the felonious assault offense. Also appropriately, the trial court did not orally impose post-release control on the domestic violence offense, a misdemeanor.

Nevertheless, the court's written entry improperly included a mandatory three years of post-release control for both the felonious assault and the domestic violence. The imposition of post-release control for a misdemeanor offense is not authorized by statute. Accordingly, the trial court's imposition of post-release control on the misdemeanor domestic violence must be vacated.

{¶ 20} Perry's second assignment of error is sustained.

### IV. Allied Offenses of Similar Import

{¶ 21} In his first assignment of error, Perry claims that the trial court erred in failing to merge the felonious assault and domestic violence offenses as allied offenses of similar import. In light of our disposition of Perry's second assignment of error and given that Perry has otherwise completed his sentence for the misdemeanor domestic violence, we conclude that his first assignment is rendered moot.

### V. Conclusion

{¶ 22} The trial court's imposition of post-release control for misdemeanor domestic violence will be vacated, and the matter will be remanded for the limited purpose of the trial court's filing a nunc pro tunc entry without the imposition of post-release control for that offense. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
Charles M. Blue

Hon. Mary Katherine Huffman