[Cite as *State v. Velez*, 196 Ohio App.3d 491, 2011-Ohio-5220.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

THE STATE OF OHIO, C.A. No. 11CA009999

    Appellant,

    v. APPEAL FROM JUDGMENT
ENTERED IN THE
VELEZ, COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
    Appellee. CASE No. 08CR077033

DECISION AND JOURNAL ENTRY

Dated: October 11, 2011

APPEARANCES:

    Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellant.

    Mark B. Marein and Steven L. Bradley, for appellee.

DICKINSON, Judge.

INTRODUCTION

{¶ 1} Appellant, Olga Velez, was arrested in connection with a drug-trafficking investigation targeting her son, Angel Bauzo, and his cousin, Jose Matos. Velez was charged with complicity to commit money laundering, complicity to trafficking in drugs, and falsification. Although the trial court permitted the admission of 18 recorded phone calls between Velez and Bauzo, it refused to allow the state to present additional recorded phone conversations not involving Velez. The trial court excluded the additional recordings based on its determination that appellant, the state, had not

provided prima facie evidence that Velez was a participant in a conspiracy as required for admission under Evid.R. 801(D)(2)(e). The state appealed the adverse ruling during its case in chief. This court affirms the judgment of the trial court because the state did not proffer the additional recordings it intended to present to the jury.

## BACKGROUND

**{¶ 2}** The lead detective in this matter testified that he had secured permission to intercept and record telephone conversations on three different telephone lines over the course of two and a half months. The state collected thousands of recordings in that time. During Velez's trial, the court listened to exhibit 30, a recording of 18 intercepted calls between Velez and her son, Bauzo. After reviewing the exhibit, the trial court permitted the state to play it for the jury, over Velez's objection. During a hearing outside the presence of the jury, the state indicated that it intended to offer "[approximately] 33 other calls between Angel Bauzo and other various individuals." The parties argued about whether the additional recordings met the requirements for admissibility of out-of-court statements of coconspirators under Evid.R. 801(D)(2)(e). The trial court determined that the state had presented sufficient evidence of a conspiracy, but excluded the recorded statements because it "[wa]s not satisfied that [the state] show[ed] * * * prima faci[e] evidence that this defendant is a participant in this conspiracy." The state immediately appealed under Crim.R. 12(K).

## EXCLUSION OF EVIDENCE

**{¶ 3}** The state's assignment of error is that "the trial court erred in excluding statements made in furtherance of a conspiracy when the State established a prima facie showing of a criminal conspiracy [involving Velez]." Under Evid.R. 801(D)(2)(e),

"[a] statement is not hearsay if * * * [it] is offered against a party and is * * * a statement by a co-conspirator of a party [made] during the course and in furtherance of the conspiracy upon independent proof of the conspiracy." Thus, the coconspirator rule permits the admission of an out-of-court statement of a coconspirator if five conditions are met. The proponent must show that (1) a conspiracy existed, (2) the defendant participated in the conspiracy, (3) the declarant participated in the conspiracy, (4) the statement was made during the course of the conspiracy, and (5) the statement was made in furtherance of the conspiracy.

{¶ 4} Under Evid.R. 103(A)(2), "[e]rror may not be predicated upon a ruling which * * * excludes evidence unless a substantial right of the party is affected, and * * * the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." " 'The purpose of a proffer is to assist the reviewing court in determining, pursuant to Evid.R. 103, whether the trial court's exclusion of evidence affected a substantial right of the appellant.' " *State v. Mullins*, 2d Dist. No. 21277, 2007-Ohio-1051, at ¶ 36, quoting *In re Walker*, 162 Ohio App. 3d 303, 2005-Ohio-3773, at ¶ 37.

{¶ 5} In this case, the state made no effort to introduce the "[approximately] 33 other" recordings it intended to use against Velez or even to summarize the untold number of out-of-court statements contained therein. When the trial court announced its decision to exclude the recordings, the state asked the court to "journalize its findings with regard to [the exclusion of the other recorded calls] and to save the jury," but made no mention of offering the recordings to be included in the record for appellate purposes. Based on the record in this matter, this court has no indication of what

evidence was excluded except that it was contained in "about 33 other calls" that involved Bauzo speaking to "various individuals" other than Velez. There is no other indication of the identities of the "various" declarants in those recordings or the content of their statements.

{¶ 6} This court need not consider whether the trial court properly determined that the state had failed to present prima facie evidence that Velez was involved in the conspiracy, because the record is insufficient to support a finding that the trial court's ruling is reversible error. It is unclear whether any of the out-of-court statements were made in furtherance of the conspiracy and how useful each would have been in supporting the state's case against Velez. Without reviewing the excluded evidence, this court is unable to determine whether the evidence was admissible under Evid.R. 801(D)(2)(e) and, if so, whether the trial court's exclusion of it affected a substantial right of the state. See Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded"). The state has failed to meet either of the Evid.R. 103(A) requirements for basing an appeal on an adverse evidentiary ruling. The assignment of error is overruled.

## CONCLUSION

{¶ 7} This court is unable to review the state's assignment of error without a proffer of the excluded evidence. The judgment of the Lorain County Common Pleas Court is affirmed, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed.

CARR, P. J., and MOORE, J., concur.