[Cite as *State v. Schmolz*, 2013-Ohio-1220.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| --- | --- | --- |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0004-M |
| --- | --- |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIELLE E. SCHMOLZ | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 11CR0190 |

DECISION AND JOURNAL ENTRY

Dated: March 29, 2013

CARR, Judge.

{¶1} Appellant Danielle Schmolz appeals her conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Schmolz was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree as the grand jury found that the stolen property was a vehicle license plate. Schmolz filed a motion for a bill of particulars, and the State responded by reiterating the charge in the indictment. The indictment read that Schmolz "unlawfully did receive, retain or dispose of certain property, being a license plate, the property of another, * * * knowing or having reasonable cause to believe said property had been obtained through the commission of a theft offense, the property involved is any of the property listed in Section 2913.71 of the Revised Code, in violation of Section 2913.51(A) of the Ohio Revised Code, a felony of the fifth degree * * *."


**{¶3}** The matter proceeded to trial. The State presented evidence to show that the alleged stolen property received by Schmolz was a temporary license placard rather than a license plate. After the State rested, Schmolz moved to dismiss the indictment as fatally defective. The State orally moved to amend the indictment to substitute "temporary license placard" for "license plate" as the alleged subject property. Schmolz objected to such an amendment, arguing that it changed the identity of the offense as prohibited by Crim.R. 7(D). The trial court granted the motion to amend the indictment. Schmolz did not move either to discharge the jury or for a continuance. She presented the testimony of two witnesses and further testified in her own defense in her case in chief.

**{¶4}** At the conclusion of trial, the jury found Schmolz guilty of receiving stolen property and made a special property finding that the property involved was a temporary license placard. Schmolz moved for a new trial on grounds not relevant to this appeal. The trial court denied the motion for new trial. Thereafter, the trial court sentenced Schmolz to 30 days of home incarceration and placed her on community control for three years under general supervision. Schmolz appealed, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY PERMITTING THE STATE OF OHIO TO AMEND THE INDICTMENT UNDER CRIM.R. 7(D) INSTEAD OF DISMISSING THE INDICTMENT UPON APPELLANT'S MOTION BECAUSE THE AMENDMENT CHANGED THE IDENTITY OF THE OFFENSE.

**{¶5}** Schmolz argues that the trial court erred by allowing the State to amend the charge to indicate that the property involved was a temporary license placard rather than a license plate. This Court disagrees with her argument, but we are troubled that this factual error

appeared in the indictment, that the State repeated it in the bill of particulars, and that it was not corrected until after the State rested its case at trial.

{¶6} The indictment is the charging instrument. Its purpose is to provide notice to the defendant of the charge the State intends to prove. The bill of particulars serves a different purposes. It is supposed "'to elucidate or particularize the conduct of the accused alleged to constitute the charged offense.'" (Citations omitted) *State v. Brumback*, 109 Ohio App.3d 65, 81 (9th Dist.1996). It should inform the defendant of the exact nature of the charges against her so that she can prepare to defend against those charges. *Id.*, quoting *State v. Fowler*, 174 Ohio St. 362, 364 (1963).

{¶7} In this case, Schmolz may have requested a bill of particulars because she knew that no license plate was involved. It is, after all, not what the defendant knows that is important, but whether she could tell from the indictment what charge the State intended to prove. *Fowler*, 174 Ohio St. at 365. The State prepared a bill of particulars that notified Schmolz that she was charged with receiving stolen property and that the property was a license plate. Both the indictment and bill of particulars in this case were factually incorrect. Crim.R. 7 allows amendment of the indictment before, during, or after a trial, as long as no change is made in the name or identity of the crime charged and as long as the defendant cannot demonstrate that the amendment prejudiced her. *Brumback* at 81.

{¶8} Crim.R. 7(D) provides, in relevant part:

The court may at any time before, during, or after a trial amend the indictment * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment * * *, or to cure a variance between the indictment * * * and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or

prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury.

**{¶9}** Inherent in the plain language of the rule is a two-step analysis. First, the court must determine whether the amendment to the indictment changes the name or identity of the crime charged. An amendment that changes the penalty or degree of the charged offense necessarily changes the identity of the offense and is, therefore, prohibited by Crim.R. 7(D). *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, syllabus. Second, the court must determine "whether any variation in the substance of the indictment requires that the jury be discharged or that the defendant be granted a continuance to prevent any confusion or prejudice." *State v. Helton*, 1st Dist. No. C-790175, 1980 WL 352807 (Mar. 19, 1980).

**{¶10}** While a criminal indictment serves the significant purpose of providing notice to the accused and the opportunity to defend, it generally accomplishes that purpose through the mere recitation of the language of the criminal statute. *State v. Childs*, 88 Ohio St.3d 194, 198-199 (2000). Furthermore, the Ohio Supreme Court has recognized that the indictment need not articulate the precise underlying conduct giving rise to the offense where the indictment tracks the statutory language. *State v. Murphy*, 65 Ohio St.3d 554, 583 (1992). For example, the elements of an offense underlying the charged offense, e.g., "any criminal offense" underlying a charge of aggravated burglary, are not essential elements of the aggravated burglary; rather, the specific underlying offense is merely a fact that must be proved to establish the essential element that a trespasser had purpose to commit in the structure "any criminal offense." *See State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, ¶ 16, citing *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, ¶ 71. Applying similar reasoning, this Court previously recognized that a Crim.R. 7(D) amendment that changed the description of the dangerous ordnance underlying two

charges of felonious assault "did not pertain to the essence of the offenses charged." *State v. Flood*, 9th Dist. No. 95CA006248, 1998 WL 852799 (Dec. 9, 1998). Accordingly, we concluded that the amendment to the indictment was not improper. *Id.*

{¶11} Over 50 years ago, the United States Supreme Court recognized that it had, "in recent years, upheld many convictions in the face of questions concerning the sufficiency of the charging papers. Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused." *Smith v. United States*, 360 U.S. 1, 9. There is no question that the indictment and bill of particulars in this case specifically – and incorrectly – named a license plate as the stolen property. According to the Ohio Supreme Court, the inclusion of the wrong stolen property in this indictment would not even constitute a minor or technical deficiency because all that is required is that the indictment track the language of the statute, which this one did.

{¶12} Schmolz was charged with receiving stolen property in violation of R.C. 2913.51(A) which states that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." A violation of the statute constitutes a misdemeanor of the first degree. However, the degree of the offense is elevated to a felony of the fifth, fourth, or third degree if the subject stolen property is of certain values or types. "[I]f the property involved is *any* of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree." (Emphasis added.) R.C. 2913.51(C). Pursuant to R.C. 2913.71(C), receiving stolen property is a felony of the fifth degree if the subject property is "[a] motor vehicle identification license plate as prescribed by section 4503.22 of the Revised Code, a temporary license placard or windshield sticker as prescribed by section 4503.182 of the Revised

Code, or any comparable license plate, placard, or sticker as prescribed by the applicable law of another state or the United States[.]"

{¶13} Schmolz' indictment tracked the statutory language of the offense and furthermore stated that "the property involved is any of the property listed in [R.C.] 2913.71." Although the offense level, and accordingly the identity, of the crime of receiving stolen property depends on the value or type of the property at issue, all property of the type listed in R.C. 2913.71 implicates a felony of the fifth degree. Moreover, R.C. 2913.71(C) encompasses a general category of items used to identify the person to whom the motor vehicle is registered, including permanent plates, temporary placards, and stickers. The First District in *Helton*, supra, analyzed the propriety of an amendment to an indicted charge of receiving stolen property, wherein the identity of the property was changed from a motorcycle to parts of a motorcycle valued at $150.00 or more. The *Helton* court concluded that the amendment did not change the name or identity of the offense, reasoning that "[n]otwithstanding the changes, the appellant was still charged with receiving stolen property, a felony of the fourth degree, under the same subsection of the same statute." *Id.* We are compelled to reach the same conclusion in this case. Notwithstanding the correction of the property from a license plate to a temporary license placard, however, Schmolz remained charged with receiving stolen property, a felony of the fifth degree, under the same subsection of the same statute. In addition, the subsection of the statute listing property that elevated the offense to a felony of the fifth degree remained the same. Accordingly, we conclude that the amendment did not change the name or identity of the charged offense.

{¶14} The inquiry does not stop here, however. We must now determine whether the change constituted a variation in the substance of the indictment and, if so, whether that variation

prejudiced Schmolz. R.C. 2913.71 contains five categories of property, all of which elevate the offense of receiving stolen property to a felony of the fifth degree. Both license plates and temporary license placards are included in subsection (C) which encompasses a general category of items used to identify the person to whom the motor vehicle is registered. Assuming, however, that changing the named property from a license plate to a temporary placard constituted a variation in the substance of the indictment, this Court nevertheless concludes that Schmolz was not prejudiced by the indictment.

{¶15} As did the *Helton* court, we conclude that Schmolz' "rights were fully protected by immediately concluding the trial with the same jury and, therefore, that the court below acted in compliance with Rule 7(D) when it allowed the amendment to conform to the evidence presented." *See Helton*, supra. Schmolz did not move the trial court for a continuance or to discharge of the jury. She thoroughly cross-examined the State's witnesses with regard to a temporary license placard, not a license plate. Moreover, she presented the testimony of two witnesses and testified in her own defense as well. There is nothing to indicate that she was somehow misled by the substance of the State's evidence. Furthermore, Schmolz does not argue on appeal that she was prejudiced by the amendment. In fact, she argues that she does not need to establish prejudice.

{¶16} Because the Ohio Supreme Court has held that an indictment that tracks the language in the statute, like the one in this case, is valid, this Court must affirm the trial court's decision. We should not lose sight of the fact, however, that the process failed. According to the indictment, the grand jury found that Schmolz received, retained, or disposed of a license plate. Based on the current state of the law, this Court need not be concerned with the surplus words "license plate" because the remainder of the indictment charged an offense as set forth by statute.

An appellate court can parse the language in the indictment to determine whether it charged an offense, as we have done in this case. Defendants and defense counsel must do the same thing as they prepare for trial so they are not misled by surplus facts alleged in the indictment.

{¶17} Finally, the record in this case does not suggest that the erroneous inclusion of "license plate" in the indictment was anything but an accident. Nevertheless, the State has an obligation to correctly charge an offense in the indictment. There are many places where the error could have occurred, from the officer who witnessed the offense to a simple typographical error in the indictment and bill of particulars. To earn and keep the trust of everybody who is subject to the laws of this state, it is imperative that these mistakes be prevented either by omitting surplus language or taking measures to ensure that the language of the indictment and bill of particulars is accurate. To be clear, our decision to affirm the trial court's judgment should not be misunderstood as approval of the method the State used to prepare the indictment and bill of particulars.

{¶18} Under these circumstances, we conclude that Schmolz did not suffer any prejudice as a result of the trial court's amendment of the indictment to conform to the evidence presented at trial. Schmolz' assignment of error is overruled.

### III.

{¶19} Schmolz' sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

STEPHEN P. HANUDEL, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.