[Cite as *State v. Clark*, 2016-Ohio-91.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No.    27511 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREG L. CLARK | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 2012 12 3455 |

DECISION AND JOURNAL ENTRY

Dated: January 13, 2016

WHITMORE, Judge.

{¶1} Appellant, Greg L. Clark, appeals his sentence from the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I

{¶2} While a patient at Psychiatric Emergency Services, Clark raped another patient. He was transferred to Akron General Medical Center's psychiatric unit where he attempted to rape another patient. Following this, he was moved to a seclusion room where he started a fire.

{¶3} As the case proceeded through the trial court, multiple psychological evaluations were performed to determine Clark's competency to stand trial and his sanity at the time of the offenses. After Clark was treated and restored to competency to stand trial, a jury found him guilty of rape, attempted rape, and arson. The trial court sentenced Clark to eleven years in prison for his rape conviction, eight years on the attempted rape, and six months in jail for the

arson.  The court ordered the rape and attempted rape sentences to run consecutive to each other, but concurrent with the arson sentence.

{¶4}  Clark appeals raising ten assignments of error for our review.  Five assignments of error relate to sentencing issues, and five allege ineffective assistance of counsel regarding the same sentencing issues.  We will address the assignments of error in the same joint manner as Clark raises them in his brief.  *But see* App.R. 16(A)(7) and Loc.R. 7(B)(7) (directing appellant to argue each assignment of error separately).  We do, however, rearrange the order of some of the assignments of error to facilitate the analysis.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING MR. CLARK TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C).

Assignment of Error Number Two

MR. CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CONTRARY TO LAW.

{¶5}  In his first assignment of error, Clark argues that the trial court erred in imposing consecutive sentences without making the required finding under R.C. 2929.14(C)(4)(b).

{¶6}  R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

 * * * .

{¶7} The Ohio Supreme Court has held that "to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶8} Clark argues that the trial court failed to find that at least two of his multiple offenses were committed as part of one or more courses of conduct and, therefore, did not comply with R.C. 2929.14(C)(4)(b) at his sentencing hearing. Clark further asserts that "the sentencing journal entry also did not state that Mr. Clark committed multiple offenses as part of one or more courses of conduct." The sentencing entry recites the statutory language from R.C. 2929.14(C)(4)(b) verbatim. Consequently, to the extent that Clark contends the finding is not contained in the sentencing entry, his argument is unfounded.

{¶9} Although the trial judge did not use this same verbatim language at the sentencing hearing, a word-for-word recitation is not required. *See Bonnell* at ¶ 29. At the sentencing hearing the judge stated:

Because the [c]ourt concludes that consecutive sentences are necessary to protect the public from future crime and because consecutive sentences are not disproportionate to the seriousness of the offender's conduct or the danger he

poses to the public and because the facts and circumstances of this case indicate that the harm caused by the multiple offenses committed was so great and unusual that no single term for the incarceration would suffice, consecutive sentences will be required with respect to Counts 1 and 2.

{¶10} Clark points to *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, in support of his argument. *Sharp* is distinguishable from the present case. In *Sharp*, the trial court failed to make "*any* of the three statutorily required findings." (Emphasis added.) *Id*. at ¶ 51. In addition, "there was no evidence presented at the sentencing hearing that [the victims] have experienced great or unusual harm, except for the argument made by the prosecutor." *Id*. at ¶ 52, fn. 2.

{¶11} By contrast, in the present case, Clark concedes the first two findings were made. In addition, he does not dispute that the court found the harm caused by his multiple offenses was so great or unusual that no single term of prison would reflect the seriousness of his conduct, nor does he argue that this finding was incorrect. Rather, he argues that it was incomplete because the court did not explicitly state that "the multiple offenses were committed as part of one or more courses of conduct."

{¶12} We note that the language at issue was added to the statute in 2002. Am. Sub.H.B. No. 327. Following the amendment, consecutive sentences could "be imposed when there are multiple courses of conduct that include the multiple offenses, not just a single course of conduct." Ohio Legislative Service Commission, Final Analysis of Am.Sub. H.B. No. 327, at 12. Following this amendment, this Court upheld trial court findings "that the harm that was done in this situation was so great or unusual that a single term wouldn't adequately reflect the seriousness of the conduct" as meeting this statutory requirement. *See State v. Alfano*, 9th Dist. Medina No. 02CA0063-M, 2003-Ohio-237, ¶ 41. Although this portion of the statute was severed by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, it was later re-enacted by the

legislature. 2011 Am.Sub. H.B. No. 86. The statutory language remained the same although it was moved from R.C. 2929.14(E)(4) to R.C. 2929.14(C)(4). More recently, we have upheld consecutive sentences where the trial court referred to the facts of a case and stated that the harm caused by two aggravated robberies was so great that no single prison term would adequately reflect the seriousness of the defendant's conduct. *State v. Clayton*, 9th Dist. Summit No. 27515, 2015-Ohio-2499, ¶ 10.

{¶13} Prior to imposing sentence in the present case, the trial judge heard from the assistant prosecutor, the mother of one of the victims, a victim's advocate on behalf of the other victim, Clark and his attorneys. The judge noted that he had considered all the statements made as well as the facts and circumstances of the case with which he was "quite familiar" after all the proceedings, including multiple hearings and a multi-day jury trial.

{¶14} To accept Clark's argument would elevate form over substance and require the mere incantation of words. It is axiomatic that Clark engaged in one or more courses of conduct when he raped one woman and attempted to rape another. If we are able to discern from the record that the trial court engaged in the correct analysis and there is evidence to support its findings, "consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177, at ¶ 29. Based on the record before us, the court engaged in the analysis required by R.C. 2929.14(C)(4) prior to imposing consecutive sentences and the evidence supports its findings. Therefore, we affirm the trial court's decision to impose consecutive sentences.

{¶15} Clark's first assignment of error is overruled.

{¶16} Under his second assignment of error, Clark argues that his trial counsel was ineffective for failing to object to the imposition of consecutive sentences. This assignment of

error is overruled as we have concluded there was no error in imposing consecutive sentences in this case. *See State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 22.

<u>Assignment of Error Number Three</u>

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT ORDERED MR. CLARK TO HAVE "NO CONTACT" WITH THE VICTIMS.

<u>Assignment of Error Number Four</u>

MR. CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S ORDER OF HAVING "NO CONTACT" WITH THE VICTIMS WAS UNLAWFUL.

{¶17} Under his third assignment of error, Clark argues that the trial court erred by imposing a no-contact order when it sentenced him to prison.

{¶18} After Clark was sentenced, the Ohio Supreme Court held, "[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 1. The Court reasoned that "the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense." *Id.* at ¶ 31.

{¶19} In the present case, after the trial judge announced Clark's prison sentence, the State requested a no-contact order with the victim of the rape and the victim of the attempted rape. The trial court agreed and included a no-contact provision in the sentencing entry. As the Supreme Court has determined that a prison term and a no-contact order cannot be imposed on a defendant for the same offense[1], this portion of Clark's sentence must be vacated.

---

[1] Although the trial court cannot impose a no-contact order in this instance, the victims are not left without any mechanism for blocking contact. We have noted that "a victim may request in writing a cease and desist order from the penal institution, directing the inmate to stop inappropriate contact. *See* State of Ohio Department of Rehabilitation and Corrections Policy

**{¶20}** Clark's third assignment of error is sustained.

**{¶21}** In his fourth assignment of error, Clark argues that his trial counsel was ineffective for not objecting to the no-contact order. Given our disposition of Clark's third assignment of error, his fourth assignment of error is moot. *See Boone*, 2013-Ohio-2664, at ¶ 31; App.R. 12(A)(1)(c).

### Assignment of Error Number Nine

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING MR. CLARK WITHOUT COMPLYING WITH R.C. 2929.19(B)(2)(G).

### Assignment of Error Number Ten

MR. CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO SENTENCING [SIC] MR. CLARK IN ACCORDANCE WITH R.C. 2929.19(B)(2)(G).

**{¶22}** Under his ninth assignment of error, Clark argues that the trial court failed to calculate his jail-time credit at the time of his sentencing hearing and included an incorrect number of days in his sentencing entry.

**{¶23}** When a defendant is sentenced to prison, the trial court is obliged to

[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code.

R.C. 2929.19(B)(2)(g)(i). The prison term shall be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was

---

No. 03-OVS-1, eff. June 24, 2013, VI(A)(4)(a). Penal institutions may also establish rules prohibiting inmates from having contact with victims. *See* OAC 5120-9-06(C)(61)." *Clayton*, 2015-Ohio-2499, at ¶ 12, fn. 1.

convicted and sentenced, including * * * confinement for examination to determine the prisoner's competence to stand trial or sanity." R.C. 2967.191.

{¶24} In the present case, Clark was arrested on December 8, 2012 and he was sentenced on August 12, 2014. Neither party nor the trial court mentioned any jail-time credit at the sentencing hearing. The sentencing entry states that Clark was "given credit for 248 days served in the Summit County Jail and the Community Based Correctional Facility as of the date of sentencing, August 12, 2014, *as agreed to by all parties*." (Emphasis added.)

{¶25} Clark argues that the "journal entry erroneously stated that all parties had agreed" to this number of days. The State contends that Clark "waived the ability to challenge the court's award of jail-time credit on appeal" because the parties agreed to a specific number of days. We find it troubling that, if the parties had agreed to this number of days, the agreement is not reflected in the transcript of the sentencing hearing. This is not a case where an appellant has failed to supply us with a hearing transcript and we must presume regularity. Rather, the sentencing transcript was properly included in the record on appeal. But, the court and the parties simply do not address the issue of jail-time credit at the sentencing hearing.

{¶26} Clark's ninth assignment of error is sustained.

{¶27} Under his tenth assignment of error, Clark argues that his trial counsel was ineffective for not requesting a hearing to determine his jail-time credit and for not arguing that he should receive credit from the date of his arrest until the date of his sentencing. Given our disposition of his ninth assignment of error, this assignment of error is moot. *See Boone*, 2013-Ohio-2664, at ¶ 31; App.R. 12(A)(1)(c).

Assignment of Error Number Five

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(A).

Assignment of Error Number Six

MR. CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE AT THE SENTENCING HEARING THAT THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(2)(A).

Assignment of Error Number Seven

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(F).

Assignment of Error Number Eight

MR. CLARK WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE AT THE SENTENCING HEARING THAT THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶28} Under his fifth and seventh assignments of error, Clark argues that the trial court failed to comply with certain other requirements under R.C. 2929.19(B)(2) when sentencing him to prison. The trial court did not notify Clark at the sentencing hearing that his prison term for rape is mandatory, although it did include that notification in the sentencing entry. In addition, the trial court did not require that Clark "not ingest or be injected with a drug of abuse and submit to random drug testing" pursuant to R.C. 2929.19(B)(2)(f).

{¶29} While not conceding error, the State acknowledges that the trial court did not strictly comply with R.C. 2929.19(B)(2)(a) and (f). We have already determined that this case must be remanded for the trial court to determine and notify Clark of the amount of his jail time credit. The trial court is instructed to also comply with R.C. 2929.19(B)(2)(a) and (f) on remand.

**{¶30}** In his sixth and eighth assignments of error, Clark argues that his trial counsel was ineffective for not objecting to the trial court's failure to provide the requisite notices. Given our disposition of Clark's fifth and seventh assignments of error, his sixth and eighth assignments of error are moot. *See Boone*, 2013-Ohio-2664, at ¶ 31; App.R. 12(A)(1)(c).

### III

**{¶31}** Clark's first and second assignments of error are overruled. Clark's third, fifth, seventh, and ninth assignments of error are sustained to the extent stated herein. His fourth, sixth, eighth, and tenth assignments of error are moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this opinion.

Judgment affirmed in part
reversed in part
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.