**[Cite as *State v. Price*, 2016-Ohio-4670.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27651 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN PRINCE, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2014 03 0836 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2016

MOORE, Presiding Judge.

**{¶1}** Defendant-Appellant, Melvin Prince, Jr., appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

**{¶2}** On the evening of March 22, 2014, Mr. Prince and his cousin, Christopher Crenshaw, attended a private party at the home of Mr. Crenshaw's friend. Joseph Campbell, an acquaintance of Mr. Crenshaw's, also attended the party. Toward the end of the evening, Mr. Crenshaw asked Mr. Campbell to step outside. The two were joined by Mr. Prince, who stood off to the side. Shortly thereafter, Mr. Campbell received a gunshot wound to the abdomen, and Mr. Prince and Mr. Crenshaw fled. Mr. Campbell then managed to use his cell phone to call for help.

**{¶3}** Mr. Campbell told the officers who helped him at the scene that Mr. Crenshaw had shot him. After waking from surgery, however, he told the police that he believed Mr.

Prince had shot him. Mr. Campbell clarified that he was looking at Mr. Crenshaw immediately before being shot and did not see a gun, so Mr. Prince must have been the shooter. He told the police that he initially identified Mr. Crenshaw as the shooter because he thought he was going to die and did not know Mr. Prince's name. Knowing that Mr. Crenshaw would lead the police to Mr. Prince, he gave them Mr. Crenshaw's name.

{¶4} The police spoke with Mr. Crenshaw directly after the shooting, and he denied having any involvement. They then spoke with Mr. Prince, who similarly denied having any involvement. Based on Mr. Campbell's statements and the statements of the witnesses they interviewed after the shooting, the police charged both Mr. Crenshaw and Mr. Prince with felonious assault and a gun specification. Mr. Crenshaw then met with the police again and told them that Mr. Prince had shot Mr. Campbell. Mr. Crenshaw stated that, after he and Mr. Campbell stepped outside, Mr. Campbell sprayed him in the face with pepper spray. He stated that he started to run away, but heard a gunshot. Mr. Prince then reached him, helped him to their car, and drove away. According to Mr. Crenshaw, Mr. Prince confessed to having shot Mr. Campbell.

{¶5} A grand jury indicted Mr. Prince and Mr. Crenshaw on one count of felonious assault and one attendant firearm specification. Their cases were later severed for purposes of trial. Although Mr. Prince initially had appointed counsel, he later asked to represent himself. The court ultimately allowed him to do so and appointed standby counsel. Mr. Prince then filed several motions, including a demand for a bill of particulars. The State opposed his demand, however, and the matter went to trial. At trial, the court formally rejected Mr. Prince's demand for a bill of particulars.

{¶6} At the conclusion of trial, the State asked the court to give the jury a complicity instruction, and Mr. Prince objected. Following deliberations, the jury found Mr. Prince guilty of felonious assault, but found that he did not use a firearm to facilitate the commission of the offense. The court sentenced Mr. Prince to seven years in prison on the felonious assault charge.

{¶7} Mr. Prince now appeals from his conviction and raises three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY REFUSING TO COMPEL THE PROSECUTOR TO FILE A BILL OF PARTICULARS AS IT DENIED [MR. PRINCE] THE RIGHT TO PROCEDURAL DUE PROCESS.

{¶8} In his first assignment of error, Mr. Prince argues that the trial court violated his due process rights when it refused to order the State to produce a bill of particulars. According to Mr. Prince, he was prejudiced by the State's failure to provide him with a bill of particulars because, up until the start of trial, he was unaware that he could be convicted under a theory of complicity.

{¶9} Initially, we note that "motions for a bill of particulars [must] be filed within twenty-one days of the arraignment." *State v. Wigle*, 9th Dist. Summit No. 25593, 2011-Ohio-6239, ¶ 26, citing Crim.R. 7(E). Mr. Prince was arraigned in April 2014, but did not file his demand for a bill of particulars until November 2014. He, therefore, filed his demand well past the twenty-one day time limit, and the trial court could have denied his demand as untimely. *See id.* "Nonetheless, Crim.R. 7(E) also contains a provision permitting the trial court to order a bill of particulars irrespective of timing." *State v. Vu*, 9th Dist. Medina No. 11CA0058-M, 2012-

Ohio-2002, ¶ 37. As such, we still consider whether the trial court erred by denying Mr. Prince's untimely demand.

{¶10} The purpose of a bill of particulars is "to elucidate or particularize the conduct of the accused alleged to constitute the charged offense" so as to "inform the defendant of the exact nature of the charges against [him] so that [he] can prepare to defend against those charges." (Internal quotations and citations omitted.) *State v. Schmolz*, 9th Dist. Medina No. 12CA0004-M, 2013-Ohio-1220, ¶ 6. The Criminal Rules require the State to furnish a defendant with a bill of particulars when ordered to do so or when presented with a timely demand. Crim.R. 7(E). Even so, the State's failure to do so is not per se reversible error. *See Vu* at ¶ 39, citing *State v. Chinn*, 85 Ohio St.3d 548, 569 (1999). A reviewing court must ask "whether appellant's lack of knowledge concerning the specific facts a bill of particulars would have provided him actually prejudiced him in his ability to fairly defend himself." *Chinn* at 569. *Accord State v. Vu*, 9th Dist. Medina No. 11CA0042-M, 2012-Ohio-746, ¶ 31 (defendant must show actual prejudice stemming from State's failure to produce bill of particulars).

{¶11} Mr. Prince argues that he was prejudiced by the State's refusal to file a bill of particulars because he was not aware that he had to defend himself against a complicity charge. He notes that he was charged strictly as a principal offender and that his indictment did not include a charge of complicity. According to Mr. Prince, he was prepared to defend himself against accusations that he was the person who shot Mr. Campbell. Not until the trial started, Mr. Prince argues, did he learn that the State intended to seek a complicity instruction.

{¶12} Having reviewed the record, we cannot conclude that Mr. Prince has demonstrated actual prejudice as a result of the State's failure to file a bill of particulars. First, it is not clear from the record that the jury convicted Mr. Prince on the basis of complicity.

Although the State asked for a complicity instruction near the close of trial, Mr. Prince did not secure a transcript of the actual jury instructions. Accordingly, one is left to presume that the court did, in fact, instruct the jury on complicity. Moreover, the verdict forms that the jury signed do not include any language regarding Mr. Prince having been complicit in the commission of the offenses. Mr. Prince presumes that the jury found him guilty of felonious assault on the basis of complicity because the jury found him not guilty of the firearm specification. This Court has recognized, however, that "a finding of not guilty on a specification is independent of a finding of guilt on the principal offense charged. 'Specifications are considered after, and in addition to, the finding of guilt on the principal charge.'" *State v. McDowell*, 9th Dist. Summit No. 26697, 2014-Ohio-3900, ¶ 5, quoting *State v. Perryman*, 49 Ohio St.2d 14, 26 (1976).

{¶13} Second, even assuming that the jury found Mr. Prince guilty on the basis of complicity, the record does not support his argument that, before trial, he was unaware of the State's intention to argue complicity. At an October 30, 2014 motion hearing, Mr. Prince specifically asked the court why the prosecutor, on "numerous" occasions, had referenced there being an issue of complicity when he, Mr. Prince, had been "indicted as being the shooter[.]" After further discussion, the court then asked the prosecutor whether he was "saying [Mr. Prince and Mr. Crenshaw] were complicit in this crime[.]" The prosecutor responded: "Yeah. Absolutely. That's the State's theory." Accordingly, Mr. Prince was on notice at least one and a half months before his December 15, 2014 trial date that the State intended to argue complicity.

{¶14} The Ohio Supreme Court has recognized that "R.C. 2923.03(F) adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense." *State v. Herring*, 94 Ohio St.3d 246, 251 (2002).

Accordingly, while his indictment charged him strictly as a principal offender, Mr. Prince had constructive notice that the State could seek a complicity instruction at trial. Further, the State gave him actual notice of its intention to do so at the motion hearing that took place more than a month before trial. The record does not support Mr. Prince's argument that the State "switched to a complicity theory" after the trial commenced.

{¶15} Mr. Prince received a considerable amount of discovery during the course of the proceedings, including the testimony before the grand jury. He was aware that both he and Mr. Crenshaw were indicted on the same charges. Additionally, the State indicated in advance of trial that it would seek a complicity instruction. Mr. Prince has not shown that the absence of a bill of particulars "actually prejudiced him in his ability to fairly defend himself." *Chinn*, 85 Ohio St.3d at 569. Accordingly, we cannot conclude that the trial court committed reversible error by not ordering the State to produce a bill of particulars. *See Vu*, 2012-Ohio-746, at ¶ 31. Mr. Prince's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED IN DENYING [MR. PRINCE'S] REQUEST TO CALL A CHARACTER WITNESS ON HIS BEHALF.

{¶16} In his second assignment of error, Mr. Prince argues that the trial court erred by not allowing him to call a character witness in his case-in-chief. Under the particular facts and circumstances of this case, we disagree.

{¶17} "The decision to admit or exclude evidence lies in the sound discretion of the trial court." *State v. Wright*, 9th Dist. Lorain No. 05CA008675, 2006-Ohio-926, ¶ 5, citing *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). "This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review." *Wright* at ¶ 5.

An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶18} In general, "[e]vidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion * * *." Evid.R. 404(A). The general rule does not apply, however, when an accused wishes to offer "[e]vidence of a pertinent trait of character * * *." Evid.R. 404(A)(1). Specifically, "[a] defendant may, at his option, offer evidence of his good character as proof that he did not commit the act charged because such conduct is not in accord with his character." 1980 Staff Notes to Evid.R. 404. When he does so, "the introduction opens the door for the prosecution to inquire about a defendant's bad character." *State v. Mills*, 9th Dist. Medina Nos. 02CA0037-M, 02CA0038-M, 2002-Ohio-7323, ¶ 54.

{¶19} At the conclusion of the State's case, the court asked Mr. Prince whether he had any witnesses to call. Mr. Prince then inquired as to whether he was permitted to call character witnesses and the following discussion took place:

> THE COURT: * * * Character evidence normally is not admitted. What kind of character would these individuals testify to?
>
> MR. PRINCE: In regards to my character.
>
> THE COURT: No, no. Just general character, somebody getting on the stand and saying you're a great guy, that's not permissible under the Rules of Evidence.
>
> MR. PRINCE: So I'm denied the whole defense, then?
>
> THE COURT: * * * You cannot put on evidence to say you're a good guy, and so if you're a good guy that means you didn't commit this crime. It's not admissible. Do you have any other witnesses?
>
> MR. PRINCE: No.

Mr. Prince never proffered any testimony on his behalf or identified who his proposed character witnesses might be.

**{¶20}** Mr. Prince argues that the trial court erred by not allowing him to call character witnesses in his defense because Evid.R. 404(A)(1) expressly allows an accused to offer evidence of his good character. Even assuming that the trial court erred, however, "more than the mere absence of testimony is necessary to establish a violation of the right [to present witnesses in one's defense]." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "To establish a violation of a defendant's constitutional right to compulsory process the defendant must show how the exclusion of testimony would have been both material and favorable to his defense." *State v. Dugan*, 9th Dist. Wayne No. 2566, 1990 WL 188403, *3 (Nov. 21, 1990), citing *Valenzuela-Bernal* at 867. In other words, he must show that the court's error might have affected the outcome of his trial. *Dugan* at *3, citing *Valenzuela-Bernal* at 867.

**{¶21}** Having reviewed the record, we cannot conclude that the trial court's ruling affected the outcome of Mr. Prince's trial. It is entirely unclear from the record who Mr. Prince sought to call in his defense or what testimony those individuals might have offered. Mr. Prince only attempted to subpoena one witness for trial and he did not subpoena that witness to testify as to his character. He did not file a witness list and he did not proffer the testimony of any of the witnesses that he wished to call in his defense. *See State v. Velez*, 196 Ohio App.3d 491, 2011-Ohio-5220, ¶ 4 (9th Dist.) ("The purpose of a proffer is to assist the reviewing court in determining, pursuant to Evid.R. 103, whether the trial court's exclusion of evidence affected a substantial right of the appellant.") (Quotations and citations omitted.) The only statement he made about the witnesses was that they would testify in regards to his character. Further, both the victim, Mr. Campbell, and Mr. Prince's cousin, Mr. Crenshaw, testified that Mr. Prince was the shooter. Mr. Prince has failed to explain how the testimony of his character witnesses would have undermined their testimony or otherwise changed the result in this matter. *See Dugan* at

*3. As such, even assuming that the trial court erred by excluding Mr. Prince's witnesses, we cannot conclude that he has demonstrated prejudice as a result of the trial court's ruling. Mr. Prince's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE SENTENCING ENTRY IMPOSES A PRISON TERM AND A NO CONTACT ORDER WHICH IS VOID AS A MATTER OF LAW AS EXPLAINED BY STATE V. ANDERSON.

{¶22} In his third assignment of error, Mr. Prince argues that the court erred when it imposed a no-contact order in addition to the prison term it imposed on his sole conviction for felonious assault. The State concedes the error.

{¶23} After the trial court sentenced Mr. Prince, the Ohio Supreme Court decided *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089. In *Anderson*, the Supreme Court held that, "as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id.* at ¶ 31. Accordingly, "a prison term and a no-contact order cannot be imposed on a defendant for the same offense * * *." *State v. Clark*, 9th Dist. Summit No. 27511, 2016-Ohio-91, ¶ 19.

{¶24} The trial court sentenced Mr. Prince to a prison term on his felonious assault count, but also ordered him not to have contact with the victim. It was an error for the court to do so, and the no-contact portion of its judgment must be vacated. *See id.* at ¶ 19. Accordingly, Mr. Prince's third assignment of error is sustained, and this matter is remanded for further proceedings. *See State v. Clayton*, 9th Dist. Summit No. 27515, 2015-Ohio-2499, ¶ 12.

III.

{¶25} Mr. Prince's first and second assignments of error are overruled. His third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

SCHAFER, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶26}  I concur fully in the majority's resolution of the second and third assignments of error.  However, I believe that the resolution of the second assignment of error renders the first assignment of error moot.  *See* App.R. 12(A)(1)(c).  Accordingly, I respectfully dissent from the majority's handling of the first assignment of error and would just reverse the trial court's judgment and remand the matter for further proceedings.

{¶27}  Nevertheless, I believe that it is necessary to address the parties' contentions on the first assignment of error because they reflect the continued disregard by some trial courts and prosecutors of the plain and unambiguous language of R.C. 2941.07 and Crim.R. 7(E).  R.C. 2941.07 states that "[u]pon written request of the defendant made not later than five days prior to the date set for trial, or upon the order of the court, the prosecuting attorney *shall* furnish a bill of particulars setting up specifically the nature of the offense charged and the conduct of the defendant which is alleged to constitute the offense."  (Emphasis added.)  Crim.R. 7(E) similarly requires the trial court to grant a motion for an original bill of particulars.  These provisions are mandatory and they directed the trial court to grant Prince's motion for an original bill of particulars.  By failing to apply the clear language of R.C. 2941.07 and Crim.R. 7(E), the trial court erred.  *See State v. Chinn*, 85 Ohio St.3d 548, 569 (1999) (determining that "it was clear error for the prosecution to fail to provide a bill of particulars and for the trial court to have denied appellant's motion" and instructing trial courts that "the denial of a timely request for a bill of particulars *should never occur*").

{¶28} Indeed, the trial prosecutor recognized the existence of these mandatory provisions in his opposition brief to Prince's motion for a bill of particulars. To quote from the brief,

> Since I started practice [in the Summit County Prosecutor's Office], I have never been ordered to supply one, even when the defense had filed a motion for a bill. It is an antiquated paper which will not provide the defense with any information it does not already have. Requiring the state to respond to it in this case will open a flood gate for other cases where bills are just as useless there. This floodgate will unnecessarily eat up the limited time prosecutors already have.
>
> The Court and defense point out that the rule still exists, *which is true*. However, there are hundreds of old and antiquated laws and rules on the books, many overturned by the U.S. and Ohio Supreme Courts. The rules do not exist in a vacuum.

(Emphasis added.) Essentially, the State's position below was that it had an obligation to furnish the bill of particulars, but it was entitled to disregard that obligation because the assistant prosecutor deemed it unnecessary.

{¶29} That is not how the law works. The Ohio Supreme Court has not struck down R.C. 2941.07 or Crim.R. 7(E) as unconstitutional and it has even instructed trial courts that they should always grant timely requests for bills of particulars. *See Chinn* at 569. In fact, this instruction was handed down in 1999, which makes it far from "antiquated." Neither the judiciary nor litigants in a criminal lawsuit are entitled to pick and choose which constitutional laws must be followed and which ones can be cast aside. Rather, the laws must be applied in courtrooms as written, leaving aside any personal views of their wisdom. *See State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 457 (1999) ("This court 'has nothing to do with the policy or wisdom of a statute. That is the exclusive concern of legislative branch of the government.'"), quoting *State ex rel. Bishop v. Mt. Orab Village School Dist. Bd. of Edn.*, 139 Ohio St. 427, 438 (1942). Doing that in this case could only possibly mean one thing: the trial court should have rejected the State's invitation to disregard R.C. 2941.07 and Crim.R. 7(E)

and instead granted Prince's motion. And, it should have instructed the assistant prosecutor that his quarrel with the policy implications of R.C. 2941.07 and Crim.R. 7(E) should be directed towards the General Assembly or the drafters of the Criminal Rules, not the Court of Common Pleas.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.