[Cite as *State v. Sellers*, 2025-Ohio-2028.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| | : C.A. No. 2024-CA-28 |
| Appellee | : |
| | : Trial Court Case No. 2023 TRD 07459 |
| v. | : |
| | : (Criminal Appeal from Municipal Court) |
| DEMETRIUS SELLERS | : |
| | : **FINAL JUDGMENT ENTRY &** |
| Appellant | : **OPINION** |
| | : |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 6, 2025, this appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

_____
MARY K. HUFFMAN, JUDGE

_____
ROBERT G. HANSEMAN, JUDGE

**OPINION**
MIAMI C.A. No. 2024-CA-28

MARY ADELINE R. LEWIS, Attorney for Appellant
LENEE BROSH, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Demetrius Sellers appeals from his conviction in the Miamisburg Municipal Court, following a guilty plea, to driving in violation of a license suspension ("driving under suspension"), a misdemeanor of the first degree. For the following reasons, this appeal is moot, and it will be dismissed.

{¶ 2} Sellers was cited for driving under suspension and operating a vehicle without reasonable control on December 17, 2023. He was arrested on October 8, 2024, and arraigned the following day. Sellers remained in custody until he pled guilty to driving under suspension on November 7, 2024. The court dismissed the remaining count and proceeded to disposition, sentencing Sellers to 180 days in jail and imposing a $250 fine.

{¶ 3} Sellers asserts one assignment of error. He argues that the municipal court violated his right to due process when it failed to grant him jail-time credit and permit him to be heard on the issue. Sellers asserts that his assigned error is subject to plain error analysis in the absence of any objection by him at sentencing. According to Sellers, the matter should be remanded for resentencing.

{¶ 4} The concept of jail-time credit is codified in R.C. 2949.08 for offenders sentenced to jail. Before addressing Sellers's assigned error, we note that the record contains a post-disposition document entitled "Commitment after Conviction and Sentence to County Jail," addressed to the keeper of the jail. It identifies November 7, 2024, as the

start date of Seller's 180-day sentence, indicates that Sellers was to remain in custody until the expiration of his sentence, delineates 31 days of credit for time served, and lists April 5, 2025, as Sellers's date of release.  Although the court did not specify the number of days by which to reduce Sellers's sentence, it appears, as the State asserts, that Sellers was given appropriate credit for the time he spent in jail prior to disposition.

{¶ 5} Whether or not the calculation was correct, however, is not part of our analysis. While Sellers refers to "jail time credit" in his brief, R.C. 2949.08(B) states that an offender's record of conviction "shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer," and this "record shall be used to determine any reduction of sentence under division (C) of this section."  R.C. 2949.08(C)(1) states that if a person is sentenced to jail for a felony or a misdemeanor, the jailer shall reduce the person's sentence "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced."

{¶ 6} "In misdemeanor cases, courts consider appeals to be moot if the defendant has voluntarily satisfied his or her sentence, unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction."  *State v. Perry*, 2021-Ohio-3525, ¶ 12 (2d Dist.), citing *State v. Wilson*, 41 Ohio St.2d 236, syllabus; *Urbana v. Boystel*, 2021-Ohio-2529, ¶ 9 (2d Dist.).  "This is so because, if the sentence has been served, a favorable appellate outcome could not 'operate to undo what has been done or restore the petitioner the penalty of the term of imprisonment which he has served.' " *Id.*, quoting *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 17.   Sellers completed his sentence, and he does not identify any collateral legal disability or loss of civil rights herein.   Accordingly, this appeal is moot,

and it will be dismissed.

. . . . . . . . . . . . .


EPLEY, P.J. and HANSEMAN, J., concur.